***********
Prior to the oral arguments before the Full Commission, the defense attorney notified the Commission that defendant-employer Burnham Service Corporation had filed for Chapter 11 bankruptcy in the State of Delaware and moved for a continuance. The Commission proceeded to hear the oral arguments but has to date not rendered a decision in the matter because of uncertainty concerning the status of the bankruptcy.
Defense attorney's position, as stated in his letter to the Commission of September 20, 2000, is that all matters are stayed pending the Chapter 11 resolution. The undersigned Commissioner by letter dated February 12, 2001 informed the parties that until plaintiff's attorney had obtained relief from the stay, no Commission decision would be rendered. Neither party responded to the February 12, 2001 letter.
In an effort to avoid any further delay and move the case toward resolution, the Commission sua sponte enters the following Order:
 1. Defendant-employer Burnham Service Corporation is under bankruptcy protection. Therefore, all future orders and all proceedings at the Commission are only applicable to defendant-carrier and not to defendant-employer. N.C. Gen. Stat. § 97-97.
 2. Upon review of the parties' briefs and the record of the proceedings before Deputy Commissioner Garner and after hearing arguments of counsel, the Full Commission has determined that this case should be remanded for a hearing de novo before a Deputy Commissioner.
IT IS THEREFORE ORDERED that this case is REMANDED to a Deputy Commissioner for a hearing de novo. However, nothing in this order shall prevent the parties from agreeing to stipulate to all or portions of the evidence of record in the previous hearing before Deputy Commissioner Garner as part of the de novo hearing.
This the ___ day of March, 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER